**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Veronica Denise Chandler and Monroe Holmes,
Defendants,

Of whom Veronica Denise Chandler is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2016-002482

Appeal From Horry County
Monét S. Pincus, Family Court Judge

Unpublished Opinion No. 2018-UP-003
Heard December 12, 2017 – Filed January 4, 2018

**AFFIRMED**

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Ernest Joseph Jarrett, of Jenkinson Jarrett & Kellahan,
PA, of Kingstree, for Respondent.

Ian Andrew Taylor, of The Taylor Law Office, of
Pawleys Island, for the Guardian ad Litem.

———————

**PER CURIAM:**  Veronica Denise Chandler (Mother) appeals the family court's termination of her parental rights (TPR) to two of her minor children (Son and Daughter, collectively Children)[1] on the statutory grounds of severe and repetitious harm, failure to remedy the condition causing Children's removal, and a diagnosable condition unlikely to change.  On appeal, Mother argues the family court erred by ordering TPR after ruling several drug tests were inadmissible.[2]  We affirm.

"In appeals from the family court, an appellate court reviews factual and legal issues de novo."  *S.C. Dep't of Soc. Servs. v. Jennifer M.*, 404 S.C. 269, 276, 744 S.E.2d 591, 595 (Ct. App. 2013).  However, "de novo review does not relieve an appellant of his burden to 'demonstrate error in the family court's findings of fact.'"  *Id.* at 277, 744 S.E.2d at 595 (quoting *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011)).

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2017).  "In a [TPR] case, the best interests of the children are the paramount consideration."  *Doe v. Baby Boy Roe*, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003).  "Grounds for TPR must be proved by clear and

———————

[1] The family court also terminated Monroe Holmes's parental rights to Children; however, Holmes did not appeal.

[2] Mother first appealed to this court from a July 2014 TPR order, which relied on the same statutory grounds.  During her first appeal, Mother argued in part that the family court erred by admitting July 2013 and January 2014 positive drug test results into evidence because there was an insufficient chain of custody.  In an April 2016 opinion, this court found the family court erred by admitting the test results, and we reversed and remanded to the family court "with leave to open the record to receive any other evidence pertinent to a determination as to whether [M]other has overcome her drug addiction and to give [the South Carolina Department of Social Services (DSS)] the opportunity to present a proper chain of custody" for the test results.  The family court held a remand hearing in September 2016 and subsequently entered an order terminating Mother's parental rights.  This appeal followed.  In its order, the family court also ruled the contested test results were inadmissible.  That ruling is not challenged on appeal.

convincing evidence." *Id.* "TPR statutes must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship." *Id.* at 581, 578 S.E.2d at 736.

We find clear and convincing evidence shows Son was in foster care for fifteen of the twenty-two months preceding the family court's June 2014 TPR hearing. *See* § 63-7-2570(8) (providing a ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"). In addition, Mother conceded during argument before this court that "both children would fit under" this statutory ground.

We further find clear and convincing evidence shows that, as of the 2014 TPR hearing, Mother failed to remedy the condition causing Children's removal—namely, her drug addiction. *See* § 63-7-2570(2) (providing a ground for TPR is met when "[t]he child has been removed from the parent pursuant to [the emergency protective custody (EPC) statutes] or [s]ection 63-7-1660 [of the South Carolina Code (2010 & Supp. 2017)] and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between the department and the parent[,] and the parent has not remedied the conditions which caused the removal"). Mother has struggled with drug addiction and relapse for years, testing positive at least eight times between April 2006 and July 2012. Notably, she tested positive for cocaine twice during her pregnancy with Son and once during her pregnancy with Daughter. The family court removed Son from Mother in January 2011, less than a month after his birth, due to Mother's positive drug test during her pregnancy with him. In March 2011, the court approved a placement plan requiring Mother to participate in drug treatment and submit to random drug tests, among other things. The family court returned Son to Mother in October 2011 but removed him again in February 2012 after DSS discovered Mother was using crack cocaine while Son was in the home. Similarly, DSS gained legal custody of Daughter in September 2012, less than a month after her birth, due to Mother's positive drug test during that pregnancy. Although Mother completed drug treatment in December 2012, DSS again referred her to treatment, which she refused, in July 2013. Mother agreed to undergo treatment in March 2014; however, she did not attend and was discharged as unsuccessful several months later. At the 2016 remand hearing, the Guardian ad Litem (GAL) testified Mother had not completed her placement plan by the 2014 TPR hearing. We find the above evidence clearly and convincingly shows Mother failed to remedy her drug addiction as of the 2014 TPR hearing.

Finally, viewed from Children's perspective, we find clear and convincing evidence shows TPR is in their best interest. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."). Except for the first few weeks after his birth and a four-month period between October 2011 and February 2012, Son has been in foster care his entire life. Similarly, Daughter has been in foster care continuously since July 2013, when she was less than a year old. Children have remained in the same home for the duration of their time in foster care, and their foster mother stated she was prepared to adopt them. Additionally, the DSS foster care case worker and the GAL both testified TPR was in Children's best interest. The GAL opined Children's home "is not with [Mother]. Home is with . . . the foster family." She expressed concern about Mother's history of drug use and the stress that caring for several young children would cause, and she stated returning Children to Mother was equivalent to "rolling the dice." The GAL added she had "grave concerns" about returning Children to Mother, who was already caring for two additional children, and she believed removing Children from their foster home would emotionally traumatize them. Finally, the GAL stated that if Children were returned to Mother and she continued using drugs, Children will have "lost their good, one chance, at being placed in a loving stable home." We find the above evidence clearly and convincingly shows it is in Children's best interest to order TPR, thereby freeing them for adoption by their foster family.

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**